**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **LUCAS SANCHEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **C.A. NO.  C-07-287** |
| | § | |
| **NATHANIEL QUARTERMAN, Director** | § | |
| **Texas Department of Criminal Justice–** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Terrell Unit in Rosharon, Texas.  The actions about which he complains occurred in Nueces County, Texas.  Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. § 2254 on July 2, 2007 (D.E. 1).  The underlying conviction which is the subject of the petition is a 2002 Nueces County conviction for the felony offense of murder.  Petitioner claims that he received ineffective assistance of counsel because his trial attorney failed to convey an offer of a plea agreement to him in a timely manner.  On August 8, 2007 respondent filed a motion for summary judgment to which petitioner responded on August 30, 2007 (D.E. 8, 9).

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.  Petitioner was convicted in Nueces County, Texas and venue is appropriate in this court.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Petitioner was convicted by a jury in the 148th District Court of Nueces County, Texas on March 11, 2002 of murder, a first degree felony, for an offense which occurred on December 21, 1998.  He also was found to have used or exhibited a deadly weapon during the commission of the offense.  He was sentenced to serve 80 years in TDCJ-CID and fined $7,500.  Ex Parte Sanchez, App. No. WR-67,058-01at 95.[1]

Petitioner appealed the conviction and it was affirmed on May 18, 2006.  Sanchez v. Texas, No. 13-02-311-CR, 2006 WL 1381479 (Tex.App.–Corpus Christi, May 18, 2006)(not designated for publication).  Petitioner also filed a petition for discretionary review ("PDR") which was refused on October 4, 2006.  Sanchez v. State, No. PD-1066-06.

Petitioner filed an application for writ of habeas corpus relief in state court on January 23, 2007.  Ex Parte Sanchez, App. No. 67,058-01 at 2.  The application was denied without written order on the findings of the trial court without a hearing on March 14, 2007.  Id. at cover.

---

[1]The state court records are located at D.E. 6.

Petitioner filed his application for habeas corpus relief in federal court on July 7, 2007.[2]  He argues that he received ineffective assistance of counsel at trial because the state offered him a 10-year sentence in exchange for a guilty plea but his attorney did not tell him about the plea offer until the day before jury selection.  The next day he overheard the prosecutor tell his counsel that the offer was no longer available.  Petitioner asserts that had he known about the plea agreement in a timely manner, he would have accepted it (D.E. 1 at 7).  In his motion for summary judgment respondent argues that the record shows that petitioner's counsel did convey the plea offer to him with sufficient time to consider the offer and that petitioner rejected it and also that petitioner has failed to show that he would have accepted the offer even if he had understood that it was still available to him.  Petitioner responded to the motion for summary judgment but did not address respondent's argument.

Respondent concedes that petitioner exhausted his state court remedies and also concedes that petitioner's application for relief is timely.

## APPLICABLE LAW

### A.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

---

[2]According to petitioner, he filed a second state habeas application raising his ineffective assistance of counsel claim at the same time he filed this federal habeas action (D.E. 1, p. 4).

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  Williams v. Taylor, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d (2000).  Although "unreasonable" is difficult to define, the Supreme Court noted that it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law.  Neal v. Puckett, 239 F.3d 683, 687 (5th Cir. 2001)(citing Williams, 120 S.Ct. at 1522-1523).  A federal court has no authority to grant habeas corpus relief simply because it concludes in its independent judgment that a state court's judgment is erroneous or incorrect.  Neal, 239 F.3d at 687.  In determining whether a state court decision in a habeas case is reasonable, the focus is on the ultimate legal conclusion reached by the state court and not on whether the state court considered

and discussed every angle of the evidence.  "[T]he only question for a federal habeas court is whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'"  Neal, 239 F.2d at 696 (citing Hennon v. Cooper, 109 F.3d 330, 334-335 (7th Cir. 1997)).

The Texas Court of Criminal Appeals denied petitioner's application without written order on the findings of the trial court without a hearing.  In Texas writ jurisprudence, a denial of relief rather than "dismissal" of a claim by the Court of Criminal Appeals generally disposes of the merits of a claim.  Singleton v. Johnson, 178 F.3d 381, 384 (5th Cir. 1999).  Accordingly, petitioner must show that the denial of habeas relief in state court was contrary to, or involved an unreasonable application of, clearly established Federal law, or was based on an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d).

**B.  Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  He must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable.  Id., 466 U.S. at 687-88, 104 S.Ct. at 2064.  Petitioner must show "significant prejudice" in a noncapital context.  Armstead v. Scott, 37 F.3d 202 (5th Cir. 1994)(citing Spriggs v. Collins, 993 F.2d 85, 88, n. 4 (5th Cir. 1993)).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.  A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.  A petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  Id., 466 U.S. at 690, 104 S.Ct. at 2066.

Criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution and failure to do so constitutes ineffective assistance of counsel under the sixth and fourteenth amendments.  United States v. Blaylock, 20 F.3d 1458, 1465-66 (9th Cir. 1994); United States ex rel. Caruso v. Zelinsky, 689 F.2d 435 (3rd Cir. 1982).  See also Teague v. Scott, 60 F.3d 1167, 1171 (5th Cir. 1995) ("[a]lthough we agree that failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel, we find that the record in the present case adequately supports the state court finding that Teague knew of the plea offer and specifically rejected it"); Johnson v. Duckworth, 793 F.2d 898, 902 (7th Cir. 1986) ("we fully agree with Johnson that in the ordinary case criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and that failure to do so constitutes ineffective assistance of counsel under the sixth and fourteenth amendments").

Petitioner argues that his trial counsel failed to convey a plea offer of a 10-year sentence to him in a timely manner and failed to inform him that the plea agreement was still available prior to his deciding to go forward with the trial.  Petitioner raised this issue on direct appeal and the Thirteenth Court of Appeals found that "despite counsel's delayed communication concerning the plea offer, appellant nevertheless considered the offer overnight, and ultimately elected to decline the offer."  <u>Sanchez v. State</u>, 2006 WL 1381479 at *5.  In his state habeas application the State declined to address petitioner's complaint about not being informed of the plea agreement because it had been raised and rejected on direct appeal and was not a proper subject for a post-conviction writ, citing <u>Ex Parte Acosta</u>, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984).  The trial court adopted the assertions in the State's answer and the Court of Criminal Appeals denied petitioner's application on the findings of the trial court.  <u>Ex Parte Sanchez</u>, App. No. WR-67,058-01 at 85 and cover.

In order to show that he is entitled to habeas relief, petitioner must show that the denial of habeas relief was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence.  Petitioner has not cited any law or pointed to any evidence in the record to meet his burden.

The record shows that on the day before jury selection was to begin, his attorney informed the court that he had conveyed the plea offer to petitioner a short while before. His attorney acknowledged that he had known of the plea offer for some time but had

7

failed to tell petitioner about it until the day before the trial (II S.F. 4).[3]  The next day the court inquired about whether the parties had reached an agreement on the plea and the prosecutor said they had not (III S.F. 3).

Also, at the hearing on petitioner's motion for new trial his attorney testified that he had told petitioner about the plea offer and advised him to take it on the day before jury selection began (8 S.F. 63).  Petitioner replied that he wanted a chance to discuss the offer with his wife (Id.).  According to his attorney, the next day petitioner told him that he had decided to decline the plea offer and take a chance on the trial (8 S.F. 65).

Petitioner testified that he heard about the plea bargain offer the day before jury selection was about to begin and he intended to talk to his wife about it the same day but could not reach her on the telephone (8 S.F. 30-31).  Petitioner also testified that as he was walking into the courtroom the next day, he heard the prosecutor tell his defense attorney that the offer was no longer available (8 S.F. 31).  This testimony was contradicted by that of his attorney, who testified that the offer remained open until petitioner told him that he declined to take it (8 S.F. 64-65).

Given the record, petitioner might argue that evidence exists which supports his claim, but he cannot show that the decision of the state court is not minimally consistent with the evidence in the case.  Accordingly, he is not entitled to habeas corpus relief and summary judgment should be entered for respondent.

---

[3]"S.F." refers to the statement of facts from petitioner's trial and is part of the state court records.

8

**D.  Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claim be dismissed on the merits. If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not find the district court's assessment of the claims debatable or wrong.

## RECOMMENDATION

It is respectfully recommended that respondent's motion for summary judgment (D.E. 8) be GRANTED.  Petitioner's application for habeas corpus relief should be DISMISSED with prejudice.  It is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 21st day of September, 2007.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

10

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 ( 5th Cir. 1996) (en banc).

11