UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUCAS SANCHEZ,<br>Petitioner | § § § | |
| v. | § | Civil No. CC-07-287 |
| NATHANIEL QUARTERMAN,<br>Respondent | § § § § | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

On September 21, 2007, the United States Magistrate Judge filed a memorandum recommending the Court grant Respondent's motion for summary judgment and dismiss Petitioner's application for habeas corpus relief (D.E. 10). The basis for her recommendation is that Petitioner cannot show that the state court's denial of habeas relief was improper. Petitioner filed objections (D.E. 12).

Petitioner is currently serving eighty years for a murder conviction. After his conviction, Petitioner filed a motion for new trial and notice of appeal in which he argues that he received ineffective assistance of counsel at trial. He claims his attorney, Bill May, did not tell him about a plea agreement offer until the day before jury selection began. Petitioner asserts he would have accepted the plea agreement had he known about it in a timely manner.

The state district court denied Petitioner's motion for new trial but did not issue any factual findings. The Thirteenth Court of Appeals affirmed the conviction and found that "despite counsel's delayed communication concerning the plea offer, appellant nevertheless considered the offer overnight, and ultimately elected to decline the offer." *Sanchez v. State*, 2006 WL 1381479 (Tex. App. – Corpus Christi, 2006). Petitioner subsequently filed an application for writ of habeas corpus relief, and the Texas Court of Criminal Appeals denied the application without written order. Petitioner now seeks federal habeas corpus relief from this Court. Respondent concedes that Petitioner has exhausted his state court remedies and that his application for relief is timely.

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) his attorney's performance fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

In determining whether or not to plead guilty, the defendant should be made aware of the relevant circumstances and likely consequences so that he can make an intelligent choice. *Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995) (citing *Hill v. Estelle*, 653 F.2d 202, 205 (5th Cir. Unit A Aug. 1981)). Several circuit courts have found that the failure of trial counsel to inform the defendant about a government plea offer amounts to ineffective

assistance of counsel. *Teague*, 60 F.3d at 1171; *See United States v. Blaylock*, 20 F.3d 1458 (9th Cir. 1994); *United States v. Rodriguez*, 929 F.2d 747 (1st Cir. 1991); *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435 (3rd Cir. 1982). The Fifth Circuit acknowledges that failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel. *Teague*, 60 F.3d at 1171.

To prove that he is entitled to federal habeas relief, Petitioner must show that the state court's denial of habeas relief was (1) contrary to, or involved an unreasonable application of clearly established law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). In determining whether a state court decision is reasonable, the focus is on the ultimate legal conclusion reached by the state court and not on whether the state court considered and discussed every angle of the evidence. The only question for a federal habeas court is whether the state court's determination is "at least minimally consistent with the facts and circumstances of the case." *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Hennon v. Cooper*, 109 F.3d 330, 334-335 (7th Cir. 1997)).

Petitioner objects that this case is "being viewed one-sided" and that there is much evidence to support his claim. He cites to several portions of the state court record, which has already been reviewed and considered by the state court and the Magistrate Judge.

The Court finds Petitioner's objections are without merit. The record shows that Petitioner knew of the plea offer and specifically rejected it. On December 16, 2005, the trial

court held a hearing on Petitioner's motion for new trial. Bill May testified under oath that he told Petitioner about the offer on March 4, 2002, the day before jury selection began. He asked the court for a continuance so Petitioner would have a chance to discuss the plea offer with his wife. The court granted the continuance, and the following day Petitioner told Mr. May that he and his wife decided to decline the plea offer and take a chance at trial. Mr. May testified that he had adequate time to discuss with Petitioner the ramifications of accepting the plea bargain versus going to trial.

Petitioner also testified that Mr. May told him about the offer on March 4, 2002. Petitioner testified that the following day he overheard the prosecutor tell Mr. May that "the plea bargain was no longer on the table..." Petitioner testified that he rejected the plea bargain because he misunderstood that it was too late to take the plea. Mr. May testified that the plea offer remained open until Petitioner told him that he declined to accept it. Petitioner now claims Mr. May never advised him that the offer was still available.

The Court acknowledges that Petitioner had limited time to consider the plea agreement offer. However, Petitioner cannot show that Mr. May's performance fell below the objective standard required by *Strickland*. The record shows that Mr. May told Petitioner about the offer and discussed Petitioner's options with him. Petitioner had a full day to consider the offer and chose to reject it. Petitioner has not cited any law showing that a defendant is entitled to have a certain amount of time to consider a plea bargain offer.

The Court finds the Texas Court of Criminal Appeals' denial of Petitioner's state habeas application is consistent with the evidence. Therefore, Petitioner is not entitled to federal habeas corpus relief.

Respondent's motion for summary judgment is GRANTED, and Petitioner's application for habeas corpus relief is DISMISSED with prejudice. Should Petitioner request a Certificate of Appealability, it is DENIED.

ORDERED this __18__ day of __Feb__, 2008.

HAYDEN HEAD
CHIEF JUDGE